IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD J. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00641-JPG |
| | ) |
| CASEYVILLE POLICE DEPT., and | ) |
| ST. CLAIR COUNTY | ) |
| STATE'S ATTORNEY'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Harold J. Johnson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. He alleges deprivations of his constitutional rights with respect to his arrest and prosecution for impersonating a police officer. Ultimately, the charge against him was dropped.

This case is now before the Court for a preliminary review of the complaint consistent with 28 U.S.C. § 1915(e)(2). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on December 7, 2013, Plaintiff was stopped by the Caseyville Police Department and asked to produce his driver's license. Before showing his license, Plaintiff informed the officer that he was a laid-off Brooklyn, Illinois, police officer. (There is a suggestion in the complaint that Plaintiff possessed a police badge.) Plaintiff was then arrested for impersonating a police officer. Plaintiff was booked into the St. Clair County Jail on a "48-hour felony hold."

Approximately two weeks later, without any investigation, Plaintiff was "indicted," even though a "complaint" was not submitted to the St. Clair County State's Attorney's Office until February 4, 2014. The Police Department did not contact the Brooklyn Police Department until May 21, and the State's Attorney's Office never contacted the Brooklyn Police. Plaintiff was never asked for a statement, and was not afforded an opportunity to make a statement. Furthermore, before any investigation was done, "Defendants" released a mugshot to the news media. Reports of Plaintiff impersonating a police officer appeared on television for three days.

No preliminary hearing was ever held—Plaintiff was never given his day in court. However, Plaintiff provided his public defender and the State's Attorney's Office with documentation indicating that the Brooklyn Board of Trustees had voted in July 2013 to retain Plaintiff as a police officer. Plaintiff was initially offered a plea deal in April 2014, but he declined the offer. Plaintiff contends that, despite possessing evidence of Plaintiff's innocence,

the State's Attorney's Office was attempting to make Plaintiff a felon.  On an unspecified date, the case was dismissed.

Plaintiff characterizes Defendants' actions as "reckless" and in violation of his rights under the Fifth, Sixth and Fourteenth Amendment.  He seeks monetary damages.

## Discussion

The complaint is confusing because it often refers to "Defendants" when it is contextually clear that only one of the two could have been involved, or "Defendant" is used without specifying which of the two possibilities acted.   Thus, the complaint, in some respects, runs afoul of the *Twombly* pleading standard, Federal Rules of Civil Procedure 8(a)(2) and 12(e), in that the Defendants (and the Court) cannot tell who did what.  Dismissal on that basis alone is warranted.  In any event, as pleaded, the complaint fails to state a colorable claim.

### *Caseyville Police Department*

"Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States ... of any rights, privileges, or immunities secured by the Constitution and laws.' " *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health,* 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983).  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Under Illinois law, a police department is not a separate legal entity that can be sued directly.  *Chan v. City of Chicago*, 123 F.3d 1005, 1007 (7th Cir. 1997).   Therefore, the Caseyville Police Department must be dismissed with prejudice.

Caseyville is not a defendant, and no custom, policy or practice is mentioned, so there is no basis for a Section 1983 claim under *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978). And, no individual police officers are named as defendants, so further discussion of, for example, possible Fourth Amendment claims for wrongful arrest, is unnecessary. *See Llovet v. City of Chicago*, 761 F.3d 759 (7th Cir. 2014) (discussing the intricacies of Fourth and Fourteenth Amendment regarding wrongful arrests and malicious prosecution, not all of which may be brought under Section 1983).

### *St. Clair County State's Attorney's Office*

Despite the name, under Illinois law the St. Clair County State's Attorney's Office, and the State's Attorney and Assistant State's Attorneys in their official capacities, are all arms of the State employees, not the County. *See McGrath v. Gillis,* 44 F.3d 567, 571 (7th Cir. 1995); *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985); *Igemunson v. Hedges,* 133 Ill.2d 364, 140 Ill.Dec. 397, 549 N.E.2d 1269, 1272 (1990). "[N]either a State nor its officials acting in their official capacities are 'persons' [subject to an action for damages] under [Section] 1983." *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989). Therefore, to the extent Plaintiff Johnson's claims are brought against the State's Attorney's Office—a unit of state government—Section 1983 does not permit such claims because those defendants are not "persons" under the statute. The St. Clair County State's Attorney's Office must be dismissed. Out of an abundance of caution, dismissal will be without prejudice. *See Llovet v. City of Chicago*, 761 F.3d 759 (7th Cir. 2014) (discussing the intricacies of Fourth and Fourteenth Amendment regarding wrongful arrests and malicious prosecution, not all of which may be brought under Section 1983).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **CASEYVILLE POLICE DEPARTMENT** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendant **ST. CLAIR STATE'S ATTORNEY'S OFFICE** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED without prejudice**, in that Plaintiff Johnson shall have through **July 31, 2015**, to file an amended complaint. Any amended complaint will face preliminary review in accordance with 28 U.S.C. § 1915. Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action with prejudice, and judgment will enter accordingly.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 2, 2015**

*s/J. Phil Gilbert*
**United States District Judge**