**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HAROLD J. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00641-JPG** |
| | ) | |
| **VILLAGE OF CASEYVILLE, IL, and** | ) | |
| **KALE PIRTLE,** | ) | |
| **GERALD SPRATT,** | ) | |
| **STATE'S ATTORNEY'S OFFICE, and** | ) | |
| **ELIZABETH C. LEAHY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Harold J. Johnson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. His original complaint was dismissed without prejudice (Doc. 5). Plaintiff has now filed an amended complaint (Doc. 6). He alleges deprivations of his constitutional rights with respect to his arrest and prosecution for impersonating a police officer. Ultimately, the State dismissed the indictment against Johnson.

This case is now before the Court for a preliminary review of the amended complaint consistent with 28 U.S.C. § 1915(e)(2). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the amended complaint, on December 7, 2013, Plaintiff was stopped by Caseyville Police Officer Kale Pirtle for purportedly not having his rear license plate illuminated. Reading the amended complaint liberally, the Court infers that it is Plaintiff's position that the license plate *was* illuminated.  Pirtle asked Plaintiff to produce his driver's license.  Before showing his license, Plaintiff informed the officer that he was a laid-off Brooklyn, Illinois, police officer, and that he possessed a police badge.  Plaintiff was then arrested for impersonating a police officer.  He was booked into the St. Clair County Jail on a "48-hour felony hold."  He was never cited for not illuminating his license plate.

Approximately two weeks later, without any investigation, Plaintiff was "indicted," even though a "complaint" was not submitted by police to the St. Clair County State's Attorney's Office until February 4, 2014.  Despite being directed to prepare a report, Detective Gerard Spratt did not do so until after the indictment was obtained.  Assistant State's Attorney Elizabeth C. Leahy also failed to investigate whether Plaintiff was a laid-off Brooklyn officer.  She did not even wait for Spratt's report before securing the indictment, despite possessing exculpatory documentation Plaintiff had submitted.  Leahy also failed to afford Plaintiff a preliminary

hearing, which Plaintiff asserts is required by state law.   By way of Plaintiff's public defender, Leahy offered Plaintiff a plea deal, only to later dismiss the case.   To add insult to injury, Plaintiff's mugshot and the nature of the charge were released to the newspaper and television, "branding" Plaintiff as a police impersonator.

Plaintiff asserts that Officer Pirtle and Detective Spratt, "acting together," deliberately, violated his constitutional rights.   Plaintiff also contends the Village of Caseyville is liable due to a lack of training and procedures.   Assistant State's Attorney Leahy allegedly acted deliberately to deny Plaintiff due process.

Plaintiff seeks monetary damages from all named defendants.

Based on the allegations in the amended complaint, the Court finds it convenient to divide the *pro se* action into the following counts.   The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.   The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Defendant Pirtle deliberately stopped and arrested Plaintiff without reasonable suspicion or probable cause, in violation of the Fourth and Fourteenth Amendments;**

**Count 2:** **Defendant Spratt failed to investigate the allegations against Plaintiff, in violation of the Fourth and Fourteenth Amendments;**

**Count 3:** **Defendants Pirtle and Spratt conspired to violate Plaintiff's rights under the Fourth and Fourteenth Amendments by failing to investigate;**

**Count 4:** **Defendant Village of Caseyville's lack of training and procedures caused its police officers to violate Plaintiff's rights under the Fourth and Fourteenth Amendments;**

**Count 5:** **Defendant Leahy failed to investigate the allegations against Plaintiff, in violation of the Fourth and Fourteenth Amendments;**

**Count 6:** **Defendant Leahy did not afford Plaintiff a preliminary hearing, in violation of state law and the Fourteenth Amendment and**

**Count 7:   Defendant State's Attorney's Office, by and through Assistant State's Attorney Leahy, violated Plaintiff's Fourth and Fourteenth Amendments.**

No claim has been recognized regarding the release of Plaintiff's mugshot and the charge that had been lodged.  The release of that information is not linked to any named defendant.

### Discussion

Plaintiff makes much of the fact that the criminal charge against him was eventually dismissed.  Therefore, it is worth noting that the fact that the criminal charge was dropped is not determinative of any of the claims asserted.  *See Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015).  With that said, each claim will be addressed in turn.

### *Count 1*

Count 1 pertains to both officer Pirtle's traffic stop, and the eventual arrest of Plaintiff for impersonating a police officer.

Relative to the allegations that Officer Pirtle fabricated a reason for stopping Plaintiff's vehicle, "[p]olice officers may conduct a brief, investigatory stop of a suspect if they have reasonable suspicion based on articulable facts that a crime is about to be or has been committed." *United States v. Wimbush*, 337 F.3d 947, 949 (7th Cir. 2003) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)).  Reading the amended complaint liberally and in the light most favorable to Plaintiff, the Court must assume at this early juncture that Plaintiff's license plate was properly illuminated, undercutting the stated reason for stopping Plaintiff.  Whether Count 1 pans out for Plaintiff may impact other claims, including the arrest allegation within Count 1.

According to the amended complaint, Plaintiff told Pirtle that he was a "laid-off" police officer with a badge.  "False personation" of a public official, including a peace officer, and the use of a badge when not authorized to do so, violates 720 ILCS 5/17-2.  Assuming that the

events occurred as described and that Plaintiff *is* a laid-off police officer, Officer Pirtle arguably had probable cause to arrest Plaintiff.  However, questions of fact and law warrant allowing this claim to proceed, even though the Court recognizes that, as long as there is probable cause at the time of arrest, a police officer need not investigate further and may arrest someone and let prosecutors and the court sort out the facts and law.  *See Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006).

The Fourth Amendment stop and arrest claims asserted against Defendant Pirtle in Count 1 shall proceed.

### *Counts 2and 3*

Count 2 alleges that Detective Spratt failed to investigate (at least in a timely fashion), and Count 3 alleges a conspiracy between Officer Pirtle and Detective Spratt.  Both claims, as pleaded, fail to state colorable constitutional claims.

As noted relative to Count 1, a police officer has no reason to investigate once there is probable cause.  *See Askew v. City of Chicago*, 440 F.3d 894, 895 (7th Cir. 2006).  Of course, an officer cannot close his eyes to facts that would completely undermine probable cause.  *See Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000).  The amended complaint, however, does not suggest that Spratt had any reason to doubt that there was probable cause for the impersonation charge.  Thus, the *Twombly* pleading threshold has not been met.

Similarly, Count 3 fails.  Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review.  *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)).  There is no suggestion of a conspiracy between Pirtle and Spratt, just a bare accusation.

Out of an abundance of caution, Counts 2 and 3 will be dismissed without prejudice.  As there are no other claims asserted against Defendant Spratt, he will be dismissed from this case without prejudice.

### Count 4

Count 4 pertains to the Village of Caseyville's liability for having inadequate training and procedures, resulting in Pirtle and Spratt violating Plaintiff's constitutional rights.  Caseyville may be liable if a custom, policy or practice caused the alleged constitutional violations.  *Monell v. Dept. of Social Services,* 436 U.S. 658 (1978).  However, the amended complaint offers only a bald assertion and no factual underpinning or explanation as required under *Twombly*.

Count 4 and the Village of Caseyville will be dismissed without prejudice.

### Count 5

Count 5 alleges that Assistant State's Attorney Leahy failed to investigate the impersonation charge before securing an indictment against Plaintiff.  Because it is alleged that Leahy acted deliberately, the claim is construed as being against Leahy in her individual capacity.  In any event, the claim fails because there is no suggestion that Leahy had any knowledge that Officer Pirtle may have fabricated the reason for the stop and subsequent arrest.  At worst, the amended complaint suggests negligence, which is insufficient to trigger liability.  *See generally  T.E. v. Grindle*, 599 F.3d 583, 590-91 (7th Cir. 2010) (negligence, even gross negligence is insufficient for liability).

Although the Court does not foresee Plaintiff being able to state a colorable claim against Leahy, out of an abundance of caution, Count 5 will be dismissed without prejudice.

Finally, lest there be any confusion, the amended complaint does not assert any state law claims.  More specifically, no supplemental state law claim for malicious prosecution is alleged.

*Count 6*

Plaintiff takes issue with Assistant States Attorney Leahy not affording him a preliminary hearing as required under state law.   A violation of state law does not violate the federal constitution.   In that respect, Count 6 will be dismissed with prejudice.

The Court further observes that once the grand jury indicted Plaintiff, probable cause was established for purposes of the Constitution.

*Count 7*

Count 7 must be dismissed.   First, the amended complaint offers only the barest suggestion of any claim against the State's Attorney's Office acting by and through Defendant Leahy.   Having dismissed all claims against Leahy in her individual capacity, there is no basis for any claim against the State's Attorney's Office.

Moreover, under Illinois law the State's Attorney's Office, and the State's Attorney and Assistant State's Attorneys in their official capacities, are all arms of the State employees.   *See McGrath v. Gillis,* 44 F.3d 567, 571 (7th Cir. 1995); *Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985); *Igemunson v. Hedges,* 133 Ill.2d 364, 140 Ill.Dec. 397, 549 N.E.2d 1269, 1272 (1990). "[N]either a State nor its officials acting in their official capacities are 'persons' [subject to an action for damages] under [Section] 1983." *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989).   To the extent Plaintiff Johnson's claims are brought against the State's Attorney's Office—a unit of state government—Section 1983 does not permit such claims because those defendants are not "persons" under the statute.

Out of an abundance of caution, dismissal will be without prejudice.

<u>**Disposition**</u>

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 2-5 and 7** are **DISMISSED without prejudice**; **COUNT 6** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants **VILLAGE OF CASEYVILLE, ILLINOIS, GERALD SPRATT, STATE'S ATTORNEY'S OFFICE and ELIZABETH C. LEAHY** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** against Defendant **KALE PIRTLE** shall **PROCEED**.

The Clerk of Court shall prepare for Defendant **KALE PIRTLE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. Consequently, Plaintiff's multiple motions for service of process at government expense (Docs. 3, 7 and 9) is **DENIED AS MOOT**.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.  Plaintiff's multiple motions for leave to proceed as a pauper (Docs. 2, 8, 10) will be addressed by the undersigned district judge by separate order.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 19, 2016**

_s/J. Phil Gilbert_
**United States District Judge**