# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAROLD JOHNSON,

    Plaintiff,

v.

KALE PIRTLE,

    Defendant.

Case No. 3:15-cv-641-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 37) of Magistrate Judge Donald G. Wilkerson with regard to the cross motions for summary judgment in this case (Docs. 33, 35). The plaintiff has objected to the Report (Doc. 38). For the following reasons, the Court **GRANTS** the defendant's motion for summary judgment (Doc. 33) and **DENIES** the plaintiff's motion for summary judgment (Doc. 35).

## I.    BACKGROUND

This case is about whether a police officer had the requisite reasonable suspicion and probable cause to effectuate a legal traffic stop and arrest. In 2013, Officer Kale Pirtle stopped Harold Johnson because one of the registration lights on Johnson's car was not "clearly legible from a distance of 50 feet to the rear", in violation of 625 ILCS 5/12-201(c). (Doc. 33-8, p. 21.) After Pirtle arrested Johnson, the state later charged Johnson with counts of impersonating a police officer and driving under the influence of alcohol. (Doc. 35, pp. 8-9.) Johnson's attorney filed a motion to quash the arrest and suppress evidence on the grounds that Pirtle stopped Johnson in violation of the Fourth Amendment's prohibition on unreasonable searches and seizures, but after an evidentiary hearing, the state court entered an order denying the motion and finding that the stop was legal. (Doc. 33-8, pp. 7-30; Doc. 33-11, p. 1.) Ultimately, a jury found

1

Johnson guilty of the DUI charge.

Now, Johnson has filed suit against Pirtle in this Court pursuant to 42 U.S.C. § 1983. The suit initially alleged a number of claims, but following threshold review, the Court allowed Pirtle to proceed on only one: whether "Defendant Pirtle deliberately stopped and arrested Plaintiff without reasonable suspicion or probable cause, in violation of the Fourth and Fourteenth Amendments . . . ." (Doc. 11, pp. 3, 8.) Since then, both Johnson and Pirtle have filed motions for summary judgment. (Docs. 33, 35.) Pirtle argues that Johnson's claim is barred under the doctrine of collateral estoppel because the underlying state court has already adjudicated the Fourth Amendment issue. (Doc. 33.) In opposition, Johnson continues to assert that the traffic stop and arrest violated his Fourth Amendment rights because the stop was pretextual, among other things. (Doc. 35.) In Magistrate Judge Wilkerson's Report, he recommends that this Court grant Pirtle's motion for summary judgment because the doctrine of collateral estoppel clearly applies to this case. (Doc. 37.)

## II. LEGAL STANDARDS

### A. Standard of Review

The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the magistrate judge in a report and recommendation. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id*. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

### B. Summary Judgment

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). If the moving party bears the burden of persuasion on an issue at trial, it must "lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. National Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015); *accord Felix v. Wisconsin Dep't of Transp.*, 828 F.3d 560, 570 (7th Cir. 2016). Where the moving party fails to meet that strict burden, the Court cannot enter summary judgment for that party even if the opposing party fails to present relevant evidence in response. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a motion for summary judgment, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but rather must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322–26; *Anderson*, 477 U.S. at 256–57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts". *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact only exists if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, 477 U.S. at 252.

## III. ANALYSIS

Here, the Court has received and reviewed Johnson's 55 numbered objections to the Report. None of these objections, however, strike the heart of Magistrate Judge Wilkerson's examination. In the Report, Magistrate Judge Wilkerson analyzed the elements of collateral estoppel under Illinois law: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Talarico v. Dunlap*, 226 Ill.Dec. 222, 685 N.E.2d 325, 328 (Ill. 1997) (citing *Illinois State Chamber of Commerce v. Pollution Control Bd.*, 34 Ill.Dec. 334, 398 N.E.2d 9, 11–12 (1979)). Illinois law is the proper vehicle here: when determining the collateral effect that a state court finding has on a later case, a federal court must look the collateral estoppel laws of the state where the underlying court sits. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Best v. City of Portland*, 554 F.3d 698, 701 (7th Cir.2009).

In addition, for collateral estoppel to apply, the prior decision on the issue must have been necessary for the prior judgment, the issue must have been actually litigated in the prior suit, and application of collateral estoppel must clearly not be unfair to the party sought to be estopped. *Talarico*, 226 Ill.Dec. 222, 685 N.E.2d at 328. Applying collateral estoppel may not be appropriate if the party sought to be bound by the prior finding did not have a full and fair opportunity or an incentive to vigorously litigate the issue in the prior proceeding. *Id.*

As Magistrate Judge Wilkerson has explained, all of these elements have been met: (1)

the Fourth Amendment issue in the underlying state criminal case is identical to the issue here; (2) there was a final judgment on the merits in that action (the state court entered an order denying the motion to quash, the jury convicted Johnson, and Johnson has not raised the issue on direct appeal); and (3) the party against whom estoppel is asserted (Johnson) is a party in both this case and the underlying action. (Doc. 37, p. 4.) Moreover, Magistrate Judge Wilkerson fully explained why Johnson had a full and fair opportunity to litigate the issue in state court: his counsel filed a motion on the issue, the court held an evidentiary hearing on the issue at which both Johnson and his counsel were present, and Johnson's counsel examined Pirtle under oath and introduced exhibits at the hearing. (*Id.* at 5.)

Johnson attempts to besiege Magistrate Judge Wilkerson's Report with his objections, but his siege encircles the wrong castle. Johnson focuses the overwhelming majority of his 55 objections on the "full and fair opportunity to litigate" prong. He makes numerous claims here, including that (1) the state violated his right to a speedy trial; (2) the state prosecutors violated unspecified court orders; (3) the public defender refused to handle his DUI charge; (4) the primary concern should be based on the prosecutor's misconduct throughout the entire course of Johnson's criminal case; (5) the criminal charge "was not decided on merits but a technicality"; and many more. (*See generally* Doc. 38.) But Johnson confuses the collateral estoppel analysis: that question is focused on whether Johnson had a full and fair opportunity to litigate the **specific issue** being estopped, not whether Johnson had a full and fair opportunity to litigate other parts of his case. *See, e.g. Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("[u]nder collateral estoppel, once a court has decided **an issue of fact or law** necessary to its judgment, that decision may preclude relitigation of **the issue** in a suit on a different cause of action involving a party to the first case") (emphasis added); *Simpson v. Rowan,* 125 F. App'x 720, 721 (7th Cir. 2005) (Section 1983

5

action predicated on a Fourth Amendment issue barred by collateral estoppel when the underlying state court found that the opposing party did not violate the plaintiff's Fourth Amendment rights).

In this Section 1983 action, the estopped issue is whether Pirtle violated Johnson's Fourth Amendment rights at the traffic stop. Johnson had a full and fair opportunity to litigate that issue in state court for the reasons stated above: the state court held an evidentiary hearing on the issue, Johnson was represented by counsel at that hearing, and Johnson's counsel examined Pirtle under oath at that hearing. The Court has reviewed the entire file *de novo* and there is nothing in the record indicating that Johnson did not have a full and fair opportunity to litigate the Fourth Amendment issue, as Magistrate Judge Wilkerson has already explained. While the Court sympathizes with Johnson's complaints about his state case in the aggregate, issues such as the right to speedy trial and whether his state case was somehow decided on a "technicality" rather than on the merits have nothing to do with the specific Fourth Amendment issue at play in both cases.

Johnson has also made several other generalized objections, including "[t]he court did not decide the issue the plaintiff was stopped for" and "[t]he issue in this Court is not the issue decided on in the suppression hearing". (Doc. 38, ¶ 1.) Johnson has not backed up these objections with any evidence or analysis. The Court has reviewed the entire file *de novo* and finds that, for the same reasons spelled out above and in Magistrate Judge Wilkerson's Report, Johnson's generalized objections are without merit.

Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 37);
- **GRANTS** the defendant's motion for summary judgment (Doc. 33);

- **DENIES** the plaintiff's motion for summary judgment (Doc. 35);

- **DISMISSES** this case with prejudice; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: JANUARY 19, 2018**

<u>**s/ *J. Phil Gilbert***</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**